USDC SCAN INDEX SHEET

















```
SWD   2/10/06   15:35
3:06-CV-00283   CHAPMAN V. LEGOLAND CA LLC
*1*
*CMP.*
```

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252

5  Attorney for Plaintiff

6

7

8

9                  UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12                                    '06CV 0283 L      CAB

13  BYRON CHAPMAN                    ) No.

14      Plaintiff,                   )
                                     )
15      vs.                          )  **Plaintiff's Complaint**
                                     )
16  LEGOLAND CALIFORNIA, LLC         )
17  dba LEGOLAND; LEGOLAND           )
    ESTATES AG (LEGOLAND             )
18  ESTATES, INC.) dba LEGOLAND;     )
19  LEGOLAND CALIFORNIA, INC.        )
                                     )
20      Defendants,                  )
                                     )
21                                   )
                                     )
22                                   )

23

24

25

26

27

28
   Chapman v. Legoland
   Plaintiff's Complaint

                           Page 1

I. SUMMARY

1. This is a civil rights action by plaintiff Byron Chapman ("Chapman") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Legoland
1 Legoland Drive
Carlsbad, CA 92008
(hereafter "the Amusement park")

2. Chapman seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs, against Carlsbad Estate Holding Inc. dba Legoland; Legoland California, LLC dba Legoland; Legoland Estates AG (Legoland Estates, Inc.) dba Legoland; Legoland California, Inc. (collectively "Legoland") pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Chapman's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

**Chapman v. Legoland**
Plaintiff's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. PARTIES

7.   Legoland owns, operates, or leases the Amusement park, and consists of a person (or persons), firm, or corporation.

8.   Chapman has multiple conditions caused by a spinal cord injury that affect one or more major life functions and requires the use of a motorized wheelchair and a vehicle with a lift system to transport his motorized wheelchair when traveling about in public.  Consequently, Chapman is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.   The Amusement park is a place of recreation, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.   Chapman visited the Amusement park and encountered barriers (both physical and intangible) that interfered with—if not outright denied— his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Chapman, attached as Exhibit A to this complaint is a true and accurate list (with photos) of barriers that denied his access at the Amusement park.

11.   Notwithstanding that visit, Chapman was also deterred from visiting the Amusement park because he knew that the Amusement park's goods, services, facilities, privileges, advantages, and accommodations at the amusement park were unavailable to physically disabled patrons (such as himself). He still refuses to visit the Amusement park because of the future threats of injury created by these barriers.

<u>Chapman v. Legoland</u>
Plaintiff's Complaint

Page 3

1    12.    Chapman also encountered barriers at the Amusement park,

2  which violate state and federal law, but were unrelated to his disability;

3  these unrelated barriers were included within Exhibit A, as a courtesy to the

4  defendants, so the defendants can avoid inadvertent acts of discrimination

5  against the disabled.  Nothing within this complaint, however, should be

6  construed as an allegation that Chapman is seeking to remove barriers

7  unrelated to his disability.

8    13.    Legoland knew that these elements and areas of the

9  Amusement park were inaccessible, violate state and federal law, and

10  interfere with (or deny) access to the physically disabled.  Moreover,

11  defendants have the financial resources to remove these barriers from the

12  Amusement park (without much difficulty or expense), and make the facility

13  accessible to the physically disabled.  To date, however, defendants refuse

14  to either remove those barriers or seek an unreasonable hardship exemption

15  to excuse non-compliance.

16                          VI. FIRST CLAIM

17              **Americans with Disabilities Act of 1990**

18              <u>Denial of "Full and Equal" Enjoyment and Use</u>

19    14.    Chapman incorporates the allegations contained in paragraphs

20  1 through 13 for this claim.

21    15.    Title III of the ADA holds as a 'general rule' that no individual

22  shall be discriminated against on the basis of disability in the full and equal

23  enjoyment (or use) of goods, services, facilities, privileges, and

24  accommodations offered by any person who owns, operates, or leases a

25  place of public accommodation. 42 U.S.C. § 12182(a).

26    16.    Legoland discriminated against Chapman by denying "full and

27  equal enjoyment" and use of the goods, services, facilities, privileges or

28  <u>Chapman v. Legoland</u>
    **Plaintiff's Complaint**

1    accommodations of The Amusement park during each visit and each
2    incident of deterrence.

3    <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

4    17.    The ADA specifically prohibits failing to remove architectural
5    barriers, which are structural in nature, in existing facilities where such
6    removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term
7    "readily achievable" is defined as "easily accomplishable and able to be
8    carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

9    18.    When an entity can demonstrate that removal of a barrier is not
10   readily achievable, a failure to make goods, services, facilities, or
11   accommodations available through alternative methods is also specifically
12   prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

13   19.    Here, Chapman alleges that Legoland can easily remove the
14   architectural barriers at the Amusement park without much difficulty or
15   expense, and that Legoland violated the ADA by failing to remove those
16   barriers, when it was readily achievable to do so.

17   20.    In the alternative, if it was not "readily achievable" for
18   Legoland to remove the Amusement park's barriers, then Legoland violated
19   the ADA by failing to make the required services available through
20   alternative methods, which are readily achievable.

21   <u>Failure to Design and Construct an Accessible Facility</u>

22   21.    On information and belief, the Amusement park was designed
23   or constructed (or both) after January 26, 1992—independently triggering
24   access requirements under Title III of the ADA.

25   22.    The ADA also prohibits designing and constructing facilities
26   for first occupancy after January 26, 1993, that aren't readily accessible to,

27

28   <u>Chapman v. Legoland</u>
     Plaintiff's Complaint

and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23.   Here, Legoland violated the ADA by designing or constructing (or both) the Amusement park in a manner that was not readily accessible to the physically disabled public—including Chapman—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

24.   On information and belief, the Amusement park was modified after January 26, 1992, independently triggering access requirements under the ADA.

25.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26.   Here, Legoland altered the Amusement park in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Chapman—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

27.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the

---

[1]   Nothing within complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Chapman v. Legoland
Plaintiff's Complaint

1  entity can demonstrate that making such modifications would fundamentally
2  alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      28.   Here, Legoland violated the ADA by failing to make
4  reasonable modifications in policies, practices, or procedures at the
5  Amusement park, when these modifications were necessary to afford (and
6  would not fundamentally alter the nature of) these goods, services, facilities,
7  or accommodations.

8      29.   Chapman seeks all relief available under the ADA (*i.e.*,
9  injunctive relief, attorney fees, costs, legal expense) for these
10  aforementioned violations. 42 U.S.C. § 12205.

11     30.   Chapman also seeks a finding from this Court (*i.e.,* declaratory
12  relief) that Legoland violated the ADA in order to pursue damages under
13  California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

16     31.   Chapman incorporates the allegations contained in paragraphs
17  1 through 30 for this claim.

18     32.   California Civil Code § 54 states, in part, that: Individuals with
19  disabilities have the same right as the general public to the full and free use
20  of the streets, sidewalks, walkways, public buildings and facilities, and
21  other public places.

22     33.   California Civil Code § 54.1 also states, in part, that:
23  Individuals with disabilities shall be entitled to full and equal access to
24  accommodations, facilities, telephone facilities, places of public
25  accommodation, and other places to which the general public is invited.

26     34.   Both sections specifically incorporate (by reference) an
27  individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

28

<u>Chapman v. Legoland</u>
Plaintiff's Complaint

Page 7

1    35.    Here, Legoland discriminated against the physically disabled
2    public—including Chapman—by denying them full and equal access to the
3    Amusement park.  Legoland also violated Chapman's rights under the ADA,
4    and, therefore, infringed upon or violated (or both) Chapman's rights under
5    the Disabled Persons Act.
6    36.    For each offense of the Disabled Persons Act, Chapman seeks
7    actual damages (both general and special damages), statutory minimum
8    damages of one thousand dollars ($1,000), declaratory relief, and any other
9    remedy available under California Civil Code § 54.3.
10    37.    He also seeks to enjoin Legoland from violating the Disabled
11    Persons Act (and ADA) under California Civil Code § 55, and to recover
12    reasonable attorneys' fees and incurred under California Civil Code §§ 54.3
13    and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

16    38.    Chapman incorporates the allegations contained in paragraphs
17    1 through 30 for this claim.
18    39.    California Civil Code § 51 states, in part, that: All persons
19    within the jurisdiction of this state are entitled to the full and equal
20    accommodations, advantages, facilities, privileges, or services in all
21    business establishments of every kind whatsoever.
22    40.    California Civil Code § 51.5 also states, in part, that: No
23    business establishment of any kind whatsoever shall discriminate against
24    any person in this state because of the disability of the person.
25    41.    California Civil Code § 51(f) specifically incorporates (by
26    reference) an individual's rights under the ADA into the Unruh Act.

Chapman v. Legoland
Plaintiff's Complaint

1     42.    Legoland's aforementioned acts and omissions denied the

2  physically disabled public—including Chapman—full and equal

3  accommodations, advantages, facilities, privileges and services in a business

4  establishment (because of his physical disability).

5     43.    These acts and omissions (including the ones that violate the

6  ADA) denied, aided or incited a denial, or discriminated against Chapman

7  by violating the Unruh Act.

8     44.    Chapman was damaged by Legoland's wrongful conduct, and

9  seeks statutory minimum damages of four thousand dollars ($4,000) <u>for</u>

10  <u>each offense</u>.

11     45.    Chapman also seeks to enjoin Legoland from violating the

12  Unruh Act (and ADA), and recover reasonable attorneys' fees and costs

13  incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

16     46.    Chapman incorporates the allegations contained in paragraphs

17  1 through 13 for this claim.

18     47.    Health and Safety Code § 19955(a) states, in part, that:

19  California public accommodations or facilities (built with private funds)

20  shall adhere to the provisions of Government Code § 4450.

21     48.    Health and Safety Code § 19959 states, in part, that: Every

22  existing (non-exempt) public accommodation constructed prior to July 1,

23  1970, which is altered or structurally repaired, is required to comply with

24  this chapter.

25     49.    Chapman alleges the Amusement park is a public

26  accommodation constructed, altered, or repaired in a manner that violates

27  Part 5.5 of the Health and Safety Code or Government Code § 4450 (or

28

<u>Chapman v. Legoland</u>
Plaintiff's Complaint

1 | both), and that the Amusement park was not exempt under Health and
2 | Safety Code § 19956.
3 |     50.    Legoland's non-compliance with these requirements at the
4 | Amusement park aggrieved (or potentially aggrieved) Chapman and other
5 | persons with physical disabilities.  Accordingly, he seeks injunctive relief
6 | and attorney fees pursuant to Health and Safety Code § 19953.

### X. PRAYER FOR RELIEF

WHEREFORE, Chapman prays judgment against Legoland for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Legoland violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

6. Such other and further relief as the court may deem proper § 3294.

DATED: February 6, 2006    LAW OFFICES OF LYNN HUBBARD

                              LYNN HUBBARD, III
                              Attorney for Chapman

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

**Chapman v. Legoland**
**Plaintiff's Complaint**

# Exhibit A



**PRELIMINARY  SITE ACCESSIBILITY REPORT**


*Legoland*
*1 Legoland Drive*
*Carlsbad, California*

LEGOLAND
1 Legoland Drive
Carlsbad, CA

1129 B
Fig 21                                          1.  No tow away sign at vehicular driveway or
                                                accessible parking space.

1129 B.5            4.6.4
Fig. 25                                          2.  No accessible and wrong signage at some
                                                accessible parking spaces.

## SEE PHOTO Nos. 1 thru' 8

1129 B.4.1          4.6.3                         3.  Incorrect parking space/access aisle dimensions.
                                                All spaces were not measured.

## SEE PHOTO Nos. 9 thru' 14

1129 B.5.1&2        4.6.4                         4.  Accessible parking space and access aisle not
                                                outlined white.

CVC 21 458(a)(3)(A)                              5.  Access aisle not striped in white.

1129B.4.1
Fig 11 B-18 A                                    6.  Missing no parking painted in accessible aisle.

## SEE PHOTO Nos. 15 thru 21

1127 B. 5.8                                      7.  No detectable warnings.

1127 B.5.8          4.29.2                        8.  Detectable warning not visually contrasting,
                                                light on dark or dark on light.

1102 B.2.6          4.3
DSA pg 2D&3D                                     9. No accessible route of travel from parking.  Stop
                                                signs not painted for crossing vehicular path.

## SEE PHOTO Nos. 22 and 23

1127 B.             36.304                        10.  No exterior route of travel from the property
                                                border.

| | | |
|---|---|---|
| 1127 B. 3 | | 11.  No exterior route of travel signs. |
| 1127 B. 5 | 4.8 | 12.  Pedestrian ramp slope exceeds accessible limit of 8.33 percent. |

### *SEE PHOTO Nos. 24 thru 30*

| | | |
|---|---|---|
| 1102 B | 4.3 | 13.  Steps are an obstruction to some activity areas. |

### *SEE PHOTO Nos. 31, 32, & 33*

| | | |
|---|---|---|
| 1117 B.2 | 4.1.3 | 14.  Public telephone not accessible height. |
| 1117 B.2.8 | 4.1.3 (17) (b)<br>4.31.5 (2) | 15.  Public telephone has no volume control. |
| 1117 B. 5.8.3<br>Fig 11 B.-14C | 4.30.7<br>Fig 43 | 16.  Public telephone has no ISA. |

### *SEE PHOTO Nos. 34 thru' 37*

| | | |
|---|---|---|
| 1124 B.3 | 4.5.3 | 17.  Floor mats are not attached. |

### *SEE PHOTO Nos. 38 thru' 46*

| | | |
|---|---|---|
| 1133 B. 2.5.2 | 4.13.9 | 18.  Entrance door does not have accessible handle. |
| 1117 B.5<br>Fig 11 B-6 | 4.30 | 19.  Entrance door has no ISA. |

### *SEE PHOTO Nos. 47 thru' 58*

| | | |
|---|---|---|
| 1122 B. 4<br>Fig11B- 5D and F | 4.32.3 | 20.  Check out counter does not have a section 28 to 34 inches high and 36 inches wide and 24 inches deep maximum to accommodate a wheelchair occupant. |

### *SEE PHOTO Nos. 59 thru' 68*

1118 B.6        4.2.6

11B-5D (a) and (b)        21. Automated ticket machine 63 inches from the floor, out of required range limits.

### *SEE PHOTO No. 69*

1118 B.5        4.2.5        22. Self serve/condiment counter out of required reach range limits.

### *SEE PHOTO Nos. 70 thru' 74*

1118B.4        4.27.2        23. Not a 30x48 inch clear floor space in front of the check stand.

### *SEE PHOTO Nos. 64 and 73*

1102 B        4.3

1114 B.1.2        4.3.3

        Fig 7 (a & b)        24. No accessible route through store.  At least one aisle is less than 36 inches wide.

1115 B.2.1.5.3        4.15.3        25. Water fountain bubbler is not located 36 inches maximum from the floor.

### *SEE PHOTO No. 75*

1122 B. 3        4.32.2        26. Outside activity area, patio seating does not offer 19 inches before an obstruction to accommodate a wheelchair occupant.

1117 B. 5.8.1        4.30.7

Fig 11 B. – 6        Fig 43        27. Outside activity area, patio seating has no ISA.

### *SEE PHOTO Nos. 76 thru' 84*

1122 B. 3        4.32.2        28. Dining room seating does not offer 19 inches before an obstruction to accommodate a wheelchair occupant.

| | | |
|---|---|---|
| 1117 B. 5.8.1 | 4.30.7 | |
| Fig 11 B. – 6 | Fig 43 | 29.  Dining room seating has no ISA. |

## *SEE PHOTO No. 85*

| | | |
|---|---|---|
| 1115B.9.2 | 4.23.8 | |
| 1115B.6.1.2 | 4.20.3 | 30.  Operable part of vending machines more than 40 inches from the floor. |

## *SEE PHOTO Nos. 86, 87, & 88*

| | | |
|---|---|---|
| 1117 B. 5.4 | | |
| 1117 B. 5.1.3 | 4.1.2 (7) (d) | 31.  Signage to the restroom has no ISA. |

## *SEE PHOTO Nos. 89 thru' 92*

### RESTROOMS

| | | |
|---|---|---|
| 1117 B. 5.6.3 | 4.1.3 (16) (a) | 32.  Restroom signs are not on the wall, latch side. |
| 1117 B. 5.5.3 | 4.30.4 | 33.  Restroom door sign has no ISA, wall mounted, latch side. |
| 1117 B. 5.6.3 | 4.30.4 | 34.  Restroom door signs do not have a verbal description below the ISA, latch side. |
| 1117 B. 5.1.1 | 4.1.2 (7) (d) | |
| 1117 B. 5.6.3 | | 34.  Restroom signs are not centered 60 inches from the floor, latch side. |

## *SEE PHOTO Nos. 93 thru' 100*

| | | |
|---|---|---|
| 1115B. 7.1.4 | | 36.  Stall door not self closing. |
| 1133 B. 2.4.2 | 4.13.6 | |
| Fig 11 B. – 26 A | Fig 25 | 37.  Clearance for side strike area on interior doors is not 18 inches on the pull side and 12 inches on the push side. |

## *SEE PHOTO No. 101*

| | | |
|---|---|---|
| 1115B.7.1.4 | 4.17.5 | 38.  Outside stall door does not have accessible handle. |

### *SEE PHOTO Nos. 101 and 102*

1115 B. 7.1.4                 38.  Inside stall door does not have accessible handle.

1115 B.7.1.4                 40.  Inside stall door handle not mounted below latch.

### *SEE PHOTO Nos. 104 and 105*

| | | |
|---|---|---|
| 1115 B.7.1.4 | 4.17.3<br>Fig 30 | 41.  Accessible stall not minimum 60 inches wide. |
| 1124 B.3 | 4.5.3 | 39.  Floor mats are not attached. |

### *SEE PHOTO Nos. 106 thru' 109*

| | | |
|---|---|---|
| | 4.17.3<br>Fig 30 | 42.  Water closet center 30 inches from the wall or other partition, not 42 inch minimum. |
| 1115 B. 7.1.3 | | 43.  Side of water closet 30 inches from the wall or other partition not 32 inch minimum. |
| 1115B.2.1.1.2 | 4.16.5 | 44.  Water closet flush control not on wide side of stall. |
| 1115B.2.1.1.2 | 4.27.4 | 45.  Flush control requires greater than 5 lbs pressure to operate. |

### *SEE PHOTO Nos. 106 & 111*

| | | |
|---|---|---|
| | 4.17.3<br>Fig 30 | 46.  Toilet tissue dispenser leading edge is 48/50 inches from back wall, not 36 inches maximum. |
| 1115B.9.3 | 4.17.3 | 47.  Toilet tissue center 16/18 inches from the floor not 19 inches minimum, and not mounted below grab bar. |

### *SEE PHOTO Nos. 110 thru' 112*

| | | |
|---|---|---|
| 1133 B.8.6.1 | 4.4.1 | 48.  Toilet tissue dispenser protrudes more than 4 inches from wall. |

### *SEE PHOTO Nos. 113 & 114*

1115 B. 2.1.2.1
Fig 11 B. –D

49. Center of lavatory 10 inches from the wall not 18 inch minimum.

### *SEE PHOTO Nos. 115 thru' 118*

1115 B.2.1.2.1        4.19.2
Fig 11 B. –D          Fig 31

50. Drainpipes under lavatory 12 inches from the wall not 6 inch maximum.

### *SEE PHOTO Nos. 119 thru 122*

● 1115 B.9.2

51. Towel dispenser operable part 52/54 inches from floor, not required 40 inches.

### *SEE PHOTO Nos. 123 & 124*

1115 B. 2.1.2.1
Fig 11 B. –D

52. Center of diaper sink 9 inches from the wall not 18 inch minimum.

1115 B.2.1.2.1        4.19.2
Fig 11 B-D            Fig 31

53. No knee clearance under diaper sink, requires 29 inch minimum.

● 1115 B. 2.1.2.1      4.27.4

54. Diaper sink faucet controls require manual dexterity.

1115 B.2.1.2.1        4.27.4

55. Diaper sink faucet controls require more than 5 lbs of force to activate.

### *SEE PHOTO Nos. 125 & 126*

1115 B.9.2

56. Towel dispenser operable part 52/54 inches from floor, not required 40 inches.

1102 B               4.3

57. Trash can is an obstruction to towel dispenser.

### *SEE PHOTO Nos. 127 & 128*

*DIAPER STATIONS WERE NOT FOUND TO BE IN COMPLIANCE.*

*NONE OF THE ACCESSIBLE STALLS WERE FOUND TO BE IN COMPLIANCE.*
*THESE VIOLATIONS WERE FOUND IN THE WOMEN'S RESTROOM.  ADDITIONAL*
*VIOLATIONS MAY BE FOUND IN THE MEN'S RESTROOM.*

1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



13.



14.



15.



16.



17.



18.



19.



20.



21.



22.



23.



24.



25.



26.



27.



28.



29.



30.



31.



32.



33.



34.



35.



36.



37.



38.



39.



40.



41.



40.



41.



42.



43.



44.



45.



46.



47.



48.



49.



50.



51.



52.



53.



54.



55.



56.



55.



56.



57.



58.



59.



60.



61.



62.



63.



64.



65.



66.



67.



68.



69.



70.



71.



72.



73.



74.



75.



76.



77.



78.



79.



80.



81.



82.



83.



84.



85.



86.



87.



88.



89.



90.



91.



92.



93.



94.



95.



96.



97.



98.



99.



100.



101.



102.



103.



104.



105.



106.



107.



108.



109.



110.



111.



112.



113.



114.



115.



116.



117.



118.



119.



120.



121.



122.



123.



124.



125.



126.



127.



128.



JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BYRON CHAPMAN

**DEFENDANTS**

2006 FEB 10 PH 2:54

LEGOLAND CALIFORNIA, LLC dba LEGOLAND; LEGOLAND ESTATES AG (LEGOLAND ESTATES INC.) dba LEGOLAND; LEGOLAND CALIFORNIA, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Butte
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Esq.
Law Offices of Lynn Hubbard, 12 Williamsburg Lane,
Chico, CA 95926

ATTORNEYS (IF KNOWN)

'06CV 0283 L    CAB

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☑ NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   February 7, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

PAID $250 °°2/10/06
PH UCNT H 12/436